IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONNIE PAASCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 24-3148-JWL |
| | ) |
| Commandant, USDB-Ft. Leavenworth, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## **MEMORANDUM AND ORDER**

Petitioner, a military prisoner, has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his convictions by court martial. Respondent has filed an answer to the petition, and petitioner's traverse is presently due by December 4, 2024. This matter presently comes before the Court on two motions filed by petitioner (Doc. ## 2, 3), which motions have now been fully briefed. For the reasons stated herein, the Court **denies** the motions.

Both motions relate to one of the claims raised in the petition, specifically petitioner's claim that the trial judge erred in excluding certain evidence pursuant to Mil. R. Evid. 412. Petitioner states that he does not have access to the specific evidence that was excluded, as prison officials have denied his request to possess copies of that evidence, which includes text messages and images purportedly showing the nature of his sexual relationship with his wife (the victim of his offenses). Petitioner insists that he needs to review such evidence and to provide it to this Court as necessary with his traverse. By his

first motion (Doc. # 2), petitioner requests legal assistance (although not necessarily appointed counsel) to allow him to review and effect the filing of the excluded evidence, to circumvent prison officials' ban on his possession of the evidence. By the second motion (Doc. # 3), petitioner seeks an order requiring respondent to produce the excluded evidence and allowing his possession of that evidence in prison.

Both matters lie within the Court's discretion. A prisoner has no constitutional right to counsel or other legal assistance in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, unless the court conducts an evidentiary hearing, the decision whether to appoint counsel rests in the discretion of the court. *See Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a Section 2241 petitioner if it "determines that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *See Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, a court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *See Hill*, 393 F.3d at 1115 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). Although petitioner insists that he does not necessarily need the aid of an attorney, the Court will apply these same standards to his request for legal assistance.

2

A habeas petitioner is not entitled to discovery as a matter of course, although a court may in its discretion grant leave to conduct discovery for good cause shown. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (citing Rule Governing § 2254 cases, Rule 6(a)). Good cause may be shown if specific allegations provide a reason to believe that if facts are fully developed, the petitioner may be able to demonstrate an entitlement to relief. *See id.* at 908-09 (citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). In this case, petitioner requests part of the trial record, specifically copies of the excluded evidence. In light of the BOP's concerns about petitioner's possession of this type of evidence – the reasonableness of which petitioner does not dispute – the Court will order production to petitioner and to the Court only if the Court deems it relevant to and necessary for a proper consideration of petitioner's claim.

The Court denies these requests, however, because petitioner has not yet shown that any review of the excluded evidence is necessary for the Court's consideration of petitioner's claim. The Court may consider the merits of a claim upon habeas review only if "the military justice system has failed to give full and fair consideration" to that claim. *See Santucci v. Commandant*, 66 F.4th 844, 855 (10th Cir. 2023) (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)), *cert. denied*, 144 S. Ct. 191 (2023). A court determines whether such full and fair consideration has been given by examining the following four factors (referred to as the *Dodson* factors):

> 1. The asserted error must be of substantial constitutional dimension. 2. The issue must be one of law rather than of disputed fact already determined by the military tribunals. 3. Military consideration may warrant different treatment of constitutional claims. 4. The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* at 856 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)). Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed. *See id.* "Putting the matter differently, petitioners' failure to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review." *See id.* at 858.

Petitioner has not made an initial showing that the Court will be able to reach the merits of this claim under the *Dodson* test. The record shows that petitioner cannot satisfy the fourth factor because the issue of the exclusion of the evidence under Rule 412 was fully briefed as part of petitioner's direct appeal to both the Army Court of Criminal Appeals (ACCA) (which court summarily affirmed the convictions) and the Court of Appeals for the Armed Forces (CAAF) (which court denied further review). Petitioner argues that because the ACCA summarily rejected this claim, the standard applied by that court is unknown, but this Court has previously rejected that argument. *See Livingston v. Payne*, 2024 WL 3328584, at *3-4 (D. Kan. July 8, 2024) (Lungstrum, J.) (citing cases in ruling that the fourth *Dodson* factor weighs against a petitioner even if the military appellate courts rejected without discussion a claim that was briefed to them). Petitioner has not cited any reason to believe that the ACCA actually applied the wrong standard in rejecting this claim, and thus petitioner has not shown that he can satisfy this requirement for merits review. Nor has petitioner explained why this claim would not also falter on the second *Dodson* factor, as petitioner would need to show that the alleged error was not harmless, and that issue would involve a weighing of the evidence. *See Livingston v. Payne*, 2024 WL 95025, at *1 (D. Kan. Jan. 9, 2024) (Lungstrum, J.).

Petitioner has argued that the *Dodson* test should not apply here because the *Burns* standard underlying the test "does not apply to military cases that are clearly analogous to civil cases." Petitioner offers no legal support for that argument, however, and the law is settled in the Tenth Circuit that the *Dodson* test governs habeas review of all non-jurisdictional claims.

Thus, because petitioner has not shown that the Court may reach the merits of his claim concerning the exclusion of evidence under Rule 412, he has not shown a need for that evidence in this case. Petitioner remains free to argue in his traverse that the Court should reach the merits of this claim, and he may renew his request for this evidence in that brief. If the Court determines that a review of the merits is warranted, it may at that time reconsider petitioner's requests. At this time, however, the Court in its discretion denies those requests.

IT IS THEREFFORE ORDERED BY THE COURT THAT petitioner's motion for legal assistance (Doc. # 2) and his motion for discovery (Doc. # 3) are hereby **denied**.

IT IS SO ORDERED.

Dated this 13th day of November, 2024, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge