IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONNIE PAASCH,                              )
                                            )
                          Petitioner,       )
                                            )
v.                                          )   Case No. 24-3148-JWL
                                            )
Commandant, USDB-Ft. Leavenworth,           )
                                            )
                          Respondent.       )
                                            )
_____ )

## **MEMORANDUM AND ORDER**

Petitioner, a military prisoner, has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his convictions by court martial. For the reasons set forth below, the Court **denies** the petition.

In November 2020, a military judge sitting as a general court martial convicted petitioner of various specifications, including offenses of rape and assault. On June 13, 2022, the United States Army Court of Criminal Appeals (ACCA), by summary decision, "[o]n consideration of the entire record, including consideration of the issues personally specified by the appellant," affirmed petitioner's convictions and sentence. On November 4, 2022, the United States Court of Appeals for the Armed Forces (CAAF) denied review of the ACCA's decision. *See United States v. Paasch*, 83 M.J. 88 (2022). On August 30, 2024, petitioner filed in this Court the instant habeas petition. Petitioner also filed motions for legal assistance and for discovery, both of which related to one claim asserted in the petition, which motions the Court denied by Memorandum and Order of November 13,

2024. Respondent has filed a answer to the petition, and petitioner has filed a traverse, and the petition is therefore ripe for ruling.

I. **Applicable Standard**

As the Court explained in its prior opinion in this case, with the exception of questions concerning the military courts' jurisdiction, this Court may consider the merits of a claim upon habeas review only if "the military justice system has failed to give full and fair consideration" to that claim. *See Santucci v. Commandant*, 66 F.4th 844, 855 (10th Cir. 2023) (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)), *cert. denied*, 144 S. Ct. 191 (2023). A court determines whether such full and fair consideration has been given by examining the following four factors (referred to as the *Dodson* factors):

> 1. The asserted error must be of substantial constitutional dimension. 2. The issue must be one of law rather than of disputed fact already determined by the military tribunals. 3. Military consideration may warrant different treatment of constitutional claims. 4. The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* at 856 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)). Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed. *See id.* "Putting the matter differently, petitioners' failure to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review." *See id.* at 858.

In none of his four claims does petitioner directly challenge the military's jurisdiction to try him for the alleged offenses, as there is no dispute that petitioner was a member of the armed forces. *See Solorio v. United States*, 483 U.S. 435, 439 (1987)

(proper exercise of court-martial jurisdiction over an offense depends on the military status of the accused). Thus, *Dodson*'s four-factor test applies to each claim here.

In his previous motions, petitioner argued that the *Dodson* test should not apply here because the *Burns* standard underlying the test "does not apply to military cases that are clearly analogous to civil cases." In his traverse, petitioner further argues that this case does not involve technical issues relating to the military for which military courts should be given deference. Petitioner has offered no direct legal support for these arguments that the *Dodson* test may be ignored here, and the law is settled in the Tenth Circuit that the *Dodson* test governs habeas review of all non-jurisdictional claims. The Court therefore applies the test here.

## II.  Claim One

By his first claim, petitioner asserts violations of the Constitution's due process and compulsory process clauses with respect to three evidentiary decisions by the military trial court – the exclusion of certain evidence pursuant to Mil. R. Evid. 412; the denial of petitioner's request for a defense expert; and the exclusion of testimony from a particular witness. The Court concludes that it may not consider the merits of this claim under the *Dodson* test.

Petitioner cannot satisfy the fourth *Dodson* factor because these issues were argued to and rejected by the military courts. The issue of the exclusion of evidence under Rule 412 was fully briefed as part of petitioner's direct appeals to both the ACCA and the CAAF, while the other two issues were raised by petitioner before the CAAF. Petitioner argues

3

that because the military appellate courts summarily rejected these claims, the standards applied by those courts are unknown, but this Court has previously rejected that argument. *See Livingston v. Payne*, 2024 WL 3328584, at *3-4 (D. Kan. July 8, 2024) (Lungstrum, J.) (citing cases in ruling that the fourth *Dodson* factor weighs against a petitioner even if the military appellate courts rejected without discussion a claim that was briefed to them). Petitioner has not cited any reason – other than the outcome – to believe that those courts actually applied the wrong standards in rejecting these claims, and thus petitioner has not shown that he can satisfy this requirement for merits review.

This claim also falters on the second *Dodson* factor, as such evidentiary issues depend on a consideration of the evidence and thus are not purely legal in nature. Moreover, petitioner would need to show that any alleged error was not harmless, which analysis would necessarily involve a weighing of the evidence. *See Livingston v. Payne*, 2024 WL 95205, at *2 (D. Kan. Jan. 9, 2024) (Lungstrum, J.). Accordingly, the Court denies petitioner's first claim.[1]

### III.   Claim Two

By his second claim, petitioner argues that he was denied due process because the military violated rules requiring that the accused receive a copy of the record of the trial proceedings as soon as that record is certified. Petitioner raised this issue both before the ACCA and the CAAF. Accordingly, as discussed above, petitioner cannot satisfy

---

[1] The Court also denies the request in petitioner's traverse for reconsideration of its previous denials of petitioner's motions.

*Dodson*'s fourth requirement for merits review. Moreover, any consideration of this claim would necessarily involve a consideration of factual issues, such as the length of the delay and whether any prejudice resulted, and thus review is also precluded by *Dodson*'s second factor.

### IV.     Claim Three

By his third claim, petitioner alleges an equal protection violation, based on the military's decision to prosecute him for sex crimes instead of leaving him to be prosecuted by civil authorities. Petitioner raised this issue before the ACCA, but because he abandoned it in his petition to the CAAF, and because he has not shown cause and prejudice for that procedural default, he has failed to exhaust his military remedies as required. *See Santucci v. Commandant*, 66 F.4th 844, 873 n.19 (10th Cir. 2023). Moreover, merits review would be precluded under the *Dodson* test, as the claim was briefed to and rejected by the ACCA, and the claim does not present a purely legal question but involves the consideration of factual matters.[2] Accordingly, the Court denies this claim.

### V.      Claim Four

By his fourth claim, petitioner asserts that his trial violated a provision of Article III of the Constitution and the Vicinage Clause of the Sixth Amendment because he was not tried in a state and district in which the offenses were alleged to have occurred. Petitioner

---

[2] The Court does not agree with petitioner that this claim presents a jurisdictional issue not subject to the *Dodson* test.

has not cited any authority to support an argument that these provisions apply to courts martial; nor has petitioner addressed the Supreme Court's rejection of a similar claim in *Gosa v. Mayden*, 413 U.S. 665 (1973). The Court in *Gosa* first noted that the petitioner had not raised the issue before the military courts. *See id.* at 685-86. Similarly here, petitioner failed to assert this claim to the military courts and thus failed to exhaust his military remedies as required. Second, the Supreme Court effectively held that the Article III provision does not apply to military tribunals, which are Article I courts "with jurisdiction independent of the judicial power created and defined by Article III," and that "[g]eneral court-martial jurisdiction is not restricted territorially to the limits of a particular State or district." *See id.* (citing cases). Finally, the Court in *Gosa* stated that the vicinage requirement "has primary relevance to trial by jury," and it noted that the petitioner had demonstrated no prejudice. *See id.*; *see also* U.S. Const. amend. VI (guaranteeing the right to a jury of the district in which the crime was committed). Similarly here, petitioner's case was not tried to a jury, and thus petitioner has failed to show prejudice from any violation of the Sixth Amendment's Vicinage Clause. The Court therefore denies this claim.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 10th day of January, 2025, in Kansas City, Kansas.

                                        /s/  John W. Lungstrum
                                        Hon. John W. Lungstrum
                                        United States District Judge