IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONNIE PAASCH,  )
 )
               Petitioner,  )
 )
v.  )  Case No. 24-3148-JWL
 )
Commandant, USDB-Ft. Leavenworth,  )
 )
               Respondent.  )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner's motion (Doc. # 17) for reconsideration of the Court's denial of petitioner's *pro se* petition for habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Court **denies** the motion.

By his petition, petitioner asserted four claims by which he challenged his convictions by court martial: first, he challenged three evidentiary decisions by the trial court; second, he claimed that he was denied due process because the military violated rules requiring that he receive a copy of the record of the trial proceedings as soon as that record is certified; third, he claimed an equal protection violation, based on the military's decision to prosecute him instead of leaving him to be prosecuted by civil authorities; and fourth, he claimed that he was required to be tried in a state and district in which the offenses were alleged to have occurred. By Memorandum and Order of January 10, 2025, the Court denied the petition in its entirety. *See Paasch v. Commandant*, 2025 WL 71879 (D. Kan. Jan. 10, 2025) (Lungstrum, J.).

Petitioner now seeks reconsideration of that denial. The Court considers the motion as one made pursuant to Fed. R. Civ. P. 59(e), which provides for a motion to alter or amend a judgment. *See id.* "A Rule 59(e) motion is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *See ORP Surgical, LLC v. Howmedica Osteonics Corp.*, 92 F.4th 896, 922 (10th Cir. 2024) (internal quotations omitted) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete*, 204 F.3d at 1012. In making such a motion, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *See id.*

The Court concludes that petitioner has not satisfied this standard for reconsideration of the Court's prior order. The Court is not persuaded that it clearly erred in its prior opinion or that manifest injustice will result from the denial of the petition. The Court briefly addresses petitioner's arguments in turn.

In his first three arguments, petitioner challenges the Court's use of the Tenth Circuit's *Dodson* test for determining whether a military court's decision is subject to merits review in federal court. The Court does not agree that petitioner's third and fourth claims are jurisdictional claims that are not subject to the governing *Dodson* test. Petitioner insists that he did describe those claims as jurisdictional in his arguments. As the court noted in its opinion, however, the military properly exercised jurisdiction over him because he was a member of the armed forces. *See id.* at *1 (citing *Solorio v. United States*, 483

U.S. 435, 439 (1987)). The Court correctly concluded that his equal protection and venue claims were subject to the Tenth Circuit's *Dodson* test.

Petitioner also argues that the *Dodson* factors should not be applied at all in this case "due to the clearly 'analogous' nature of the allegations to crimes under state and federal laws." Petitioner contends that the Supreme Court has required deference to military court decisions only because of unique aspects of military law, which aspects are not implicated in his case. The Court previously rejected this same argument, however. *See id.* at *2. The Supreme Court has not carved out an exception in the case of military offenses that are analogous to non-military crimes; nor has the Tenth Circuit recognized such an exception to its *Dodson* standard. The Court declines to create such an exception in the absence of such authority.

The Court rejects petitioner's fourth and fifth arguments, which relate to his first claim. Petitioner insists that in arguing the fourth *Dodson* factor, he was not merely relying on the military courts' summary decisions, but was arguing that those courts did not review his issues; but he provides no basis for such a conclusion. The Court cannot agree that the delay in his receiving a record of the trial means that the military appellate courts did not properly consider his claims raised on direct appeal. The Court also rejects petitioner's argument, asserted without citation to authority, that his evidentiary issues may satisfy the second *Dodson* factor requiring a pure issue of law.

The Court rejects petitioner's sixth argument, which relates to his second claim. The fourth *Dodson* factor is not satisfied merely by a contention that the claim has merit;

3

nor has petitioner shown that the claim involves a purely legal issue that may satisfy the second factor.

In his seventh argument, petitioner argues that the Court erred in stating that petitioner had raised his third claim before the Army Court of Criminal Appeals (ACCA) but abandoned it before the Court of Appeals for the Armed Forces (CAAF). In fact, in the petition, petitioner based this claim on the fact that his alleged offenses were not military-related and were not alleged to have occurred on or near a military base. Similarly, in his appeal to the ACCA, petitioner argued that the alleged offenses occurred off-post. Regardless, even if his present claim had a different legal basis from the claim raised to the ACCA, petitioner has not addressed the Court's additional conclusion that the claim cannot survive the *Dodson* test's second factor because it involves the consideration of factual matters. *See id.* at *2. Accordingly, petitioner has not shown that he is entitled to a review of the merits of this claim.

The Court rejects petitioner's eighth argument, which relates to his fourth claim. Petitioner argues that the military may have had jurisdiction over him originally, but then lost that jurisdiction. Petitioner has still failed to support this claim with authority suggesting that the venue provision of Article III or the Vicinage Clause applies to a court martial, and as noted in the Court's prior opinion, the Supreme Court has rejected just such a claim. *See id.* at *3 (citing *Gosa v. Mayden*, 413 U.S. 665, 685-86 (1973)).

Finally, petitioner argues that the Court failed to address his fifth claim, one of ineffective assistance of appellate counsel, raised in his traverse in reply to respondent's arguments that certain claims had been procedurally defaulted. The Court relied on a

4

procedural default only with respect to the third claim, however, and as noted herein, that claim does not survive the *Dodson* test even if the procedural default is not considered. Thus, there is no basis for relief here.

IT IS THEREFFORE ORDERED BY THE COURT THAT petitioner's motion for reconsideration (Doc. # 17) is hereby **denied**.

IT IS SO ORDERED.

Dated this 10th day of February, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge